The opinion of the Court was delivered by
Johnson, J.
It is not' now necessary to enter into an investigation whether twenty years is per se sufficient to authorize the presumption that a bond which has been suffered to lie dormant for that period is paid. It is a principle long acted upon by this Court, and solemnly recognized in the late case of Administrator of Cohen v. Executors of Thomson,[2] brought up from Orangeburgh; and I think, indeed, it is so well settled that I should always regard it as conclusive, unless repelled by circumstances; and there is no doubt it may be. Phillips, 114. These circumstances must go to prove, either that the debt was still subsisting, such as a recent admission of the debt, or the payment of a part, or interest, or the like, or to account satisfactorily why an earlier demand was not made ; such, for instance, as a legal disability in the plaintiff to sue, and the like. Phillips, 114. This case, then, is resolved into the single inquiry, whether the evidence is sufficient to repel the presumption arising from the length of time ?
The reaS0Ils upon which these rules are founded, *are, that in the ordinary concerns of men, few feel the inclination, or find it convenient to let a debt stand over for so great a length of time, and in the general course of things it is rare that the evidence of payment, whether it depends on memory, or is written, is preserved so long.
*469 Let us then test this case by these principles.
The only evidence offered to rebut the presumption in this case is the certificate of the defendant, Hart.[1] It appears to me that it would be an appropriate answer to the argument founded on this fact, to observe that this admission does not profess to state, that the debt was not paid by the other defendant, further than as a mere matter of opinion ; and the bond of indemnity referred to, in that certificate proves that John Paul Thomson, one of the obligees, had undertaken to discharge him from the payment. That discharge might have been effected either by Thomson’s putting the amount of bond into the trust fund, or by giving the defendant a written release. Now there is proof from which I think it might be fairly inferred, that Thomson had paid it into the trust fund ; for the trustees advertised that they were in funds to pay the creditors, and the remainder is limited over to Colonel Thomson, to whom John Paul Thomson was the sole executor and residuary legatee, and the present plaintiffs have received their legacies under his will on a final settlement of the estate. And it is unreasonable to believe, that, if this debt had been wanted for the purpose of the trust, or was considered as a part of the estate of Colonel Thomson that it would have been suffered to lie over to this time, and if it was not necessary for either of these purposes, it devolved on John Paul Thomson alone, as the residuary legatee of Colonel Thomson. But in another view I think it is equally satisfactory. Prom all the circumstances it evidently appears that the debt was incurred by the defendant, Keen, as the friend of John Paul Thomson, and the bond of indemnity shows, that it was never intended *that he should pay it in coin, and it is only necessary to presume, that L John Paul Thomson did, in pursuance of his solemn obligation, pay the debt, or discharge Keen from it, either of which is within the reason of the rule.
There is another view of the subject. The bond of indemnity is an acknowledgment on the part of John Paul Thomson, that he had received the amount of this bond in the lands and negroes conveyed to him by Keen, and although I am not now prepared to say, that the bond itself is a discharge from this debt, yet as between them, under our discount law, would have been a perpetual bar to Thomson’s recovery on this bond, and ought, I think, to be regarded as a payment to Thomson, who was competent as one of the obligees, to receive it, and discharge the defendant.
The motion is refused.
Colcock, Nott, G-antt and Bjchaedson, JJ., concurred.

 2 McC. R. 146; see 1 McC. R. 178.

 See 1 McC. 543.

 2 Sp. 359 ; 11 Rich. 205.